```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JULIUS J. SZABO,

    Plaintiff,

v.                    Case No.: 8:10-cv-02167-T-33MAP

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Defendant Federal Insurance Company's Motion to Dismiss or for Judgment on the Pleadings, filed on September 28, 2010. (Doc. # 4). On March 10, 2011, Plaintiff Julius J. Szabo filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss or for Judgment on the Pleadings. (Doc. # 17). For the reasons set forth below, the motion is denied.

**I.    Background**

    This is an insurance breach of contract action. (Doc. # 2 at 1). Julius J. Szabo is a resident of Tarpon Springs, Florida. Id. Federal Insurance Company is an insurance company that issued an insurance policy to Szabo covering Szabo's residence. Id.

    Szabo asserts that on or about November 21, 2008, his

personal property, amounting to approximately $89,000, was taken from his residence "by either theft, conversion, or mysterious[] disappear[ance]." Id. at 2. Szabo contends that the insurance policy was fully effective at the time of the incident. Id. at 1-2. Szabo alleges that he immediately reported the loss to the Tarpon Springs Police Department, timely notified Federal Insurance Company of the loss, filed the requested documentation, and has cooperated with Federal Insurance Company's investigation of the claim. Id. at 2.

Szabo contends that this loss is within the scope of coverage of the insurance policy. Id. at 1. Federal Insurance Company has not paid or denied Szabo's claim, which Szabo contends is a breach of the insurance policy. Id. at 2.

Federal Insurance Company moves the Court to dismiss this action with prejudice or enter judgment on the pleadings in its favor on the basis that Szabo has failed to: (1) comply with Florida Rule of Civil Procedure 1.070(j); and (2) plead compliance with a condition under the insurance policy, thus breaching a "no action" clause, by failing to submit to an Examination Under Oath. (Doc. # 4 at 5). The Court addresses each issue in turn.

II. **Standard of Review**

As a preliminary matter, the Court notes that Federal

2

Insurance Company filed its motion as a motion to dismiss or for judgment on the pleadings. Id. at 1. Federal Insurance Company appears to have filed its answer either before or simultaneously with its motion. (See Docs. ## 3-4). "Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed." Brisk v. Miami Beach, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989); see also Hogan v. Provident Life & Accident Ins. Co., No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *3 (M.D. Fla. July 20, 2009) ("A motion to dismiss for failure to state a claim brought under Federal Rule of Civil Procedure 12(b)(6) 'must be made before pleading.'").

Accordingly, Federal Insurance Company's motion is properly construed as a motion for judgment on the pleadings. See Hallberg v. Pasco County, No. 95-1354-CIV-T-17A, 1996 WL 153673, at *2 (M.D. Fla. Mar. 18, 1996)("Defendants filed their motion to dismiss simultaneously with their answer. ... Defendants' motions to dismiss were not filed before the answer and are therefore not Rule 12(b)(6) motions to dismiss. Once the Defendants filed the answer . . . the Court assumes that the pending motions were either filed as motions for judgment on the pleadings or pursuant to Rule 12(c)."); Hogan, 2009 WL 2169850, at *3 ("A court should construe a post-answer

3

motion brought under Rule 12(b)(6) as a motion for judgment on the pleadings brought under Rule 12(c).").

A motion under Rule 12(c) seeks judgment on the pleadings and is brought "[a]fter the pleadings are closed–but early enough not to delay trial."  Fed. R. Civ. P. 12(c). "'Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts.'" Cunningham v. Dist. Attorney's Office, 592 F.3d 1237, 1255 (11th Cir. 2010)(quoting Andrx Pharm., Inc. v. Elan Corp., 421 F.3d 1227, 1232-33 (11th Cir. 2005))..

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss.  See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).  When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998).

If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the

4

complaint. As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Nor need the Court accept unsupported conclusions of law or of mixed law and fact in the complaint. Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc).

**III. Analysis**

**A. Compliance with Florida Rule of Civil Procedure 1.070(j)**

Federal Insurance Company urges the Court to dismiss the instant action because Szabo has failed to comply with Florida Rule of Civil Procedure 1.070(j), which provides:

> **Summons; Time Limit.** If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an

5

adjudication on the merits under rule 1.420(a)(1). Fla. R. Civ. P. 1.070(j).

Federal Insurance Company alleges that the complaint was originally filed in the Circuit Court of Pinellas County and the summons issued on March 13, 2010, but that the summons was not served on the Chief Financial Officer of the State of Florida until September 7, 2010, and not transmitted to Federal Insurance Company until September 9, 2010. (Doc. # 4 at 1-2). This, Federal Insurance Company argues, runs afoul of the 120-day time limit set forth in Florida Rule of Civil Procedure 1.070(j). Id. at 2.

The Court notes that Federal Insurance Company relies on factual allegations that it does not support with documentary evidence and fall outside of the pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "However, a motion to dismiss should only be treated as one for summary judgment if the record is fully developed and the non-moving party was given adequate notice of the court's decision." Jozwiak v. Stryker Corp., No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *4 (M.D. Fla. Feb. 26, 2010) (citations omitted); see Fed. R. Civ. P. 12(d).

6

The Court has broad discretion to choose whether to convert the motion for judgment on the pleadings to a motion for summary judgment under Rule 56. Hagerman v. Cobb County, Ga., No. 1:06-CV-02246-JEC, 2008 WL 839803, at *3 (N.D. Ga. Mar. 28, 2008); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1371, at 273 (3d ed. 2004). Given the nascent record in the case at bar, the Court declines to treat the instant motion as one for summary judgment. Thus, to preserve this motion as "a motion for judgment on the pleadings under Rule 12(c), the court must rely upon the matters included in the complaint and the answer." Wilkins, Jr. v. Global Credit & Collection Corp., No. 4:10-CV-00318, 2011 WL 833999, at *2 (N.D. Fla. Mar. 4, 2011); see Fed. R. Civ. P. 7(a).

Because Federal Insurance Company references factual allegations that are disputed by Szabo and fall outside of the pleadings, they are properly excluded from consideration. Accordingly, Federal Insurance Company's motion with respect to Rule 1.070(j) is denied.[1]

---

[1] Even assuming, arguendo, that Federal Insurance Company's allegations are correct, the Court notes that it retains the discretion to determine whether the failure to timely effect service within the time limits imposed by Florida Rule of Civil Procedure 1.070(j) warrants dismissal. See Johnson v. Sheriff of Orange County Fla., No.

7

**B.  Submission to an Examination Under Oath and Breach of the Insurance Policy's "No Action" Clause**

Federal Insurance Company moves the Court for a judgment on the pleadings in its favor on the grounds that Szabo has failed to "plead compliance with a condition precedent to recovery under the policy" by failing to "submit[] to an Examination Under Oath . . . as required by the policy." (Doc. # 4 at 3, 5).  It further contends that this failure breaches the insurance policy's "no action" clause.  Id. at 4.

The relevant provision of the insurance policy describing the Examination Under Oath provides:

> **Your duties after a loss**
> If you have a loss this policy may cover, you must perform these duties:
>
> ...
>
> **Examination under oath.**  We have the right to examine separately under oath as often as we may

---

6:10-cv-1007-Orl-31GJK, 2010 WL 2869523, at *1 (M.D. Fla. July 19, 2010) ("If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service . . . .  However, [even] if neither good cause nor excusable neglect is shown, the trial court . . . is left to exercise its discretion."); Greif v. Jupiter Med. Ctr., Inc., No. 08-80070-CIV, 2008 WL 2705436, at *3 (S.D. Fla. July 9, 2008) (refusing to dismiss a case for failing to timely effect service as required by Rule 1.070(j) despite the absence of good cause or excusable neglect because the court found "no prejudice to Defendants that warrants dismissal."); Yparrea v. Twin Cities Wholesale, Inc., No. 3:10cv104/RV/EMT, 2010 WL 1994064, at *2 (N.D. Fla. May 17, 2010).

>       reasonably require you, family members and any
>       other members of your household and have them
>       subscribe the same. We may also ask you to give us
>       a signed description of the circumstances
>       surrounding a loss and your interest in it, and to
>       produce all records and documents we request and
>       permit us to make copies.

(Doc. # 2 at 77-78).

Similarly, the "no action" clause provides:

>    **Legal action against us**
>    You agree not to bring legal action against us
>    unless you have first complied with all conditions
>    of this policy. You also agree to bring any action
>    against us within five years after a loss occurs,
>    but not until 30 days after proof of loss has been
>    filed and the amount of loss has been determined.

Id. at 78.

After a careful examination of the record, the Court finds that there is sufficiently conflicting information regarding the Examination Under Oath to preclude a judgment on the pleadings. Federal Insurance Company fails to support its allegations with any documentary evidence. (See Doc. # 4 at 3). In contrast, Szabo maintains that he has sufficiently pled compliance with conditions precedent to recovery. (Doc. # 17 at 3).

Szabo alleges that he "never refused to submit to an Examination Under Oath" and that "it was scheduled and attended within (5) days of filing the Complaint in state court. . . . [T]he EUO began at 9:41 a.m. and ended at

9

1:40 p.m., consisting of 162 transcribed pages . . . ." <u>Id.</u> at 4-5. Szabo, however, goes on to assert that he "never refused to submit to an Examination Under Oath, but after more than one year of investigation, and FEDERAL'S incessant and insatiable requests for more and more investigative statements and documentation, he desired to retain the services of an attorney" in any Examination Under Oath. <u>Id.</u> at 6.

Given the Court's mandate to "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant," <u>Bankers Ins. Co.</u>, 137 F.3d at 1295, the Court determines that these discrepancies render a judgment on the pleadings inappropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss or for Judgment on the Pleadings (Doc. # 4) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>31st</u> day of August, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

10